## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWIDE, INC., a South Dakota Corporation f/k/a Super 8 Motels, Inc.,**<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>**SARWAN INVESTMENTS, LLC, an Arizona Limited Liability Company;**<br>**SURINDER K. MADAHAR, an individual,**<br>**SUSHIL MADAHAR, an individual,**<br>**RAM D. MADAHAR, an individual,**<br>**BALDEV R. MADAHAR, an individual,**<br>**SUKHWINDER MADAHAR, an individual,**<br>**NARINDER MADAHAR, an individual,**<br>**AHALIA MADAHAR, an individual,**<br>**KRISHNA MADAHAR, an individual,**<br><br>     **Defendants.** | Civ. No. 2:14-07810 (WJM)<br><br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Super 8 Worldwide, Inc. ("Plaintiff") brings this action against Ram D. Madahar ("Ram") and Sukhwinder Madahar ("Sukhwinder") (collectively "Defendants"), alleging breach of contract claims. This matter comes before the Court on Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) for Defendants' failure to timely answer Plaintiff's complaint. Defendants cross-moved to vacate entry of default pursuant to Federal Rule of Civil Procedure 55(c). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for default judgment is **DENIED** and Defendants' motion to vacate entry of default is **GRANTED**.

### I.     BACKGROUND

Plaintiff is a South Dakota corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. Defendants are husband and wife who

are Arizona residents.  Certification of Vijayant Pawar ("Pawar Cert."), Ex. A, Aff. of Ram D. Madahar ¶ 1; Ex. B, Aff. of Sukhwinder Madahar ¶ 1.  In 2004, Plaintiff entered into a franchise agreement ("Agreement") with Sarwan Investments, LLC, an Arizona company to which Ram is a principal, for the operation of a guest lodging facility in Kingman, Arizona.  Compl. at ¶¶ 3, 16.  At the execution of the Agreement, Defendants and six other individuals provided a guaranty (the "Guaranty") of Sarwan's obligations.  *Id*. at ¶ 24.  On December 16, 2014, Plaintiff filed a complaint in this Court against all nine defendants for breach of the Agreement, alleging that Sarwan had failed to pay certain fees totaling $119,193.32, and that the eight named individuals were responsible for this failure pursuant to the Guaranty.  *Id*. at ¶¶ 29–44.

On February 10, 2015, Plaintiff filed proof of service for Sarwan and seven of the individuals, including Ram, but not Sukhwinder.  ECF No. 5.  At various points, the six other named individuals responded to Plaintiff's complaint and subsequent motions, but Defendants did not respond.  ECF Nos. 7, 9.  Plaintiff eventually reached a settlement with the six responding individuals and the complaint was dismissed in November 2015.  ECF No. 28.

On January 12, 2016, this Court reopened Plaintiff's case with respect to its claims against Sarwan, Ram and Sukhwinder, and Plaintiff subsequently filed a motion for default judgment.  ECF Nos. 30, 34.  On April 18, 2016, this Court granted Plaintiff's motion against Sarwan but denied it without prejudice against Ram and Sukhwinder, acknowledging a potential problem with service and instructing Plaintiff to file proof of service on Defendants within 30 days.  Or. 3–5, ECF No. 35.  Plaintiff complied and subsequently requested an entry of default, which was granted on June 7, 2016.  ECF Nos. 36–37, 40.  Six days later, Plaintiff filed the instant motion for default judgment pursuant to Rule 55(b)(2).  *See* Notice of Mot. for Final J. by Default ("Pl.'s Mot."), ECF No. 41.  On July 13, 2016, Defendants moved to vacate the entry of default pursuant to Rule 55(c).  Mem. of Law in Supp. of Defs.' Mot. to Vacate Entry of Default ("Defs.' Mem."), ECF No. 44.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]"  Fed. R. Civ. P. 55(a).  After the entry of default, a party "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "The time between the entry of default and the entry of default judgment provides the defendant with an opportunity to move, pursuant to Rule 55(c), to vacate the default."  *United States v. Mulvenna*, 367 F. App'x 348, 350 (3rd Cir. 2010).  "The court may set aside entry of default for good cause . . . ."  Fed. R. Civ. P. 55(c).  A court must consider three factors when deciding whether to vacate an entry of default: (1) prejudice to the plaintiff; (2) whether the defendant has a meritorious defense; and (3) whether defendant's culpable conduct led to the default.  *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3rd Cir. 1982).  The Third Circuit

disfavors entry of defaults and default judgments, and it requires that "doubtful cases [] be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3rd Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3rd Cir. 1951)).

## III.    DISCUSSION

The Court previously denied Plaintiff's motion for default judgment without prejudice "because there [was] no indication that [Defendants] were properly served with Plaintiff's complaint." Or. at 3.  Specifically, the Court acknowledged that there was no proof of service on the record concerning Sukhwinder.  The Court also raised concerns regarding the place where Ram was supposedly served and the person who received service on his behalf. Or. at 4.  Plaintiff complied with the Court's order and filed proof of service for both Sukhwinder and Ram on April 19 and May 17, 2016, respectively.  ECF Nos. 36, 37.  Plaintiff then moved a second time for entry of default and default judgment due to Defendants' failure to respond.  *See* Pl.'s Mot., Attach. 3, Certification of Bryan P. Couch in Supp. of Mot. for Final J. by Default ("Couch Cert.") ¶¶ 5–7, ECF No. 41.

Upon receiving notice of the entry of default against them, Defendants made efforts to retain local counsel and on June 22, 2016, counsel made an appearance on Defendants' behalf. *See* Defs.' Mem. at 6.  Defendants subsequently moved to vacate entry of default on July 13, 2016, claiming that Ram was not properly served until May 17, 2016, and that Sukhwinder was never properly served. *See id*. at 5–6.  The Court now considers each of the three factors for vacating entry of default to the arguments set forth in Defendants' motion and Plaintiff's opposition.

### A.    Prejudice

The Third Circuit has previously held that "the costs associated with continued litigation normally cannot constitute prejudice." *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 460 (3rd Cir. 2011) (citations omitted); *see Feliciano*, 691 F.2d at 656–57 ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding."). Plaintiff can establish prejudice by showing that "its ability to pursue the claim has been hindered" due to "a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment . . . ." *See Feliciano*, 691 F.2d at 657.

Plaintiff only argues that it will be prejudiced by continued litigation costs.  *See* Pl.'s Resp. in Opp'n to Mot. to Vacate Clerk's Entry of Default ("Pl.'s Opp'n") 3–4, ECF No. 48.  The prejudice factor, therefore, favors vacating entry of default.  *See Sourcecorp*, 412 F. App'x at 460; *Feliciano*, 691 F.2d at 656–57.

### B.    Meritorious Defense

"The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the

action.'" *$55,518.05*, 728 F.2d at 195 (quoting *Tozer*, 189 F.2d at 244). "A complete defense must 'allege[ ] specific facts beyond simple denials or conclusionary statements.'" *Huertas v. Ameritrade, Inc.*, No. 06-cv-1430, 2008 WL 141106, at *3 (D.N.J. Jan. 11, 2008) (quoting *$55,518.05*, 728 F.2d at 195).

Defendants assert four possible defenses: (1) improper service; (2) Plaintiff failed to give notice that Defendants owed fees and thus violated the terms of the Guaranty; (3) contribution by the other defendants has satisfied Plaintiff's claim; and (4) Plaintiff's failed to properly audit all defendants and consequently failed to uncover fraudulent acts by co-defendants, which bars recovery under New Jersey law and the terms of the Agreement and Guaranty. *See* Defs.' Mem. at 10–13. Defendants' first and third defenses are not meritorious. The Court acknowledged potential problems with service in its April 2016 order. Or. at 3–5. Since that time, however, Plaintiff filed proof of service on both Defendants. Defendants subsequently retained local counsel and have appropriately engaged in litigation. *See* Defs.' Mem. at 5–6. The Court, therefore, considers the matter of service satisfied and is no longer a meritorious defense. Additionally, contribution is not a defense because it does not address the claims against Defendants. *See $55,518.05*, 728 F.2d at 195.

Defendants' second defense claims that Plaintiff violated the terms of the Guaranty by failing to provide notice of Defendants' default on payment of Plaintiff's fees. The Guaranty states, in pertinent part: "Upon default by Franchisee and notice from you we will immediately make each payment and perform or cause to perform, each unpaid or unperformed obligation of Franchisee under the Agreement."[1] *See* Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default, Ex. B, ECF No. 41. Plaintiff contends that it properly noticed Defendants by sending appropriate correspondence to Ram at the address of the guest lodging facility on June 28, 2013. *See* Pl.'s Opp'n at 4–5; Compl., Ex. C. Plaintiff acknowledges, however, that Defendants lost possession of the property at that address more than a month prior to the letter being sent. *See* Pl.'s Opp'n at 4–5. It is unclear from the record whether Defendant ever received Plaintiff's letter. Furthermore, it is equally unclear whether Plaintiff's letter satisfied the notice provision of the Guaranty or whether it had any other obligation to provide adequate notice to Defendants at their residence or an alternative address (*i.e.*, the Franchisee's address) in accordance with state, federal or common law. Defendants' notice defense, therefore, is facially meritorious at present. *See Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3rd Cir. 1983) (finding that meritorious defense factor favored defendant where record was insufficient to establish that the asserted defense was unmeritorious).

Defendants' fourth defense raises the possibility of Plaintiff's failure to affirmatively audit all parties to the Agreement and Guaranty, which Defendants claim is a violation of the terms of both documents. *See* Def.'s Mem. at 12. Defendants further claim that Plaintiff "should have been aware of the fraudulent conduct of a few co-

---

[1] It is clear from the Agreement and the Guaranty that "Franchisee" refers to Sarwan, "you" refers to Plaintiff, and "we" refers to the individuals executing the Guaranty, including Ram.

defendants and since it failed to take any actions, it could potentially be estopped from bringing its claims." *See id*. Defendants suggest other possible defenses that might bar Plaintiff's claims under the New Jersey Franchise Practices Act, the statute of frauds, the plain language of the Agreement and Guaranty, and Plaintiff's failure to mitigate its damages. *See id*. The Court notes that the mere recitation of laws without alleging specific facts, as required by the Third Circuit, does not support a meritorious defense. *See $55,518.05*, 728 F.2d at 195–96. The contention that Plaintiff should have been aware of fraudulent conduct, however, barely meets the required standard and Defendants have asserted a second meritorious defense. *Cf. Sourcecorp*, 412 F. App'x at 460 (finding that defendant barely met the meritorious defense standard by claiming that conduct in question was not fraudulent). Accordingly, the meritorious defense factor favors vacating entry of default.

### C. Culpable Conduct

Culpable conduct "focuses on whether the defendant was culpable, that is, whether it acted willfully or in bad faith." *Feliciano*, 691 F.2d at 657. Plaintiff argues that Defendants "have demonstrated culpable conduct through their willful and repeated course of inaction in defense of this matter spanning more than eighteen (18) months." *See* Pl.'s Opp'n at 5. Plaintiff contends that Defendants cannot submit in good faith that they first learned of the instant litigation upon receipt of the default letter because Plaintiff sent five litigation letters to the same address where the default letter was sent. *See id*. Plaintiff further argues that Defendants' bad faith is exhibited by their engagement in settlement negotiations with Plaintiff between February and June 2016 despite maintaining that they did not know of the lawsuit until June 7, 2016. *See id*.

The Court returns to its April 2016 order, in which potential problems with service were articulated. *See* Or. at 3–5. While Defendants may have known about the *potential* of a lawsuit against them, the record does not indicate that they absolutely knew of Plaintiff's lawsuit until Ram was properly served on May 16, 2016. *See* Pawar Cert., Ex. A at ¶ 5. Plaintiff contends that Sukhwinder was properly served on January 19, 2015, but the proof of service was not filed with this Court until April 19, 2016, and Sukhwinder maintains that she was never served. *See* Pawar Cert., Ex. B at ¶¶ 4–5. Consequently, the record does not conclusively determine which party is correct and doubtful cases must favor the party moving to vacate the entry of default. *See $55,518.05*, 728 F.2d at 194–95.

Furthermore, the case law makes clear that a failure to respond, without more, does not reach the level of willful conduct or bad faith. *See Gross*, 700 F.2d at 133–24 (finding that "serious breakdown in communication" between both parties' counsel did not amount to willful conduct); *Reed v. N.J. State Police*, No. 15-cv-1305, 2015 WL 5821965, at *2 (D.N.J. Oct. 2, 2015) (finding that defendant's conduct was not culpable where defendant knew of plaintiff's erroneous service on third party but defendant took no action to correct and maintained that it was improperly served); *Cottrell v. Norman*, No. 12-cv-1986, 2015 WL 5821784, at *3 (D.N.J. Oct. 1, 2015) (finding defendant's actions were negligent, but not culpable, where defendant failed to respond without clear explanation); *Huertas*, 2008

WL 141106 at *4 (finding that defendant's conduct was not culpable where delay in response was due to defendant's oversight).

Defendants assert that once they received notice of the entry of default, they then took immediate measures to retain counsel and engage in the litigation. *See* Pawar Cert., Ex. A at ¶¶ 7–8; Ex. B at ¶¶ 6–7. Given that Defendants are Arizona residents, the Court accepts their explanation for the delay in retaining local counsel and in timely responding to the entry of default. *See* Defs.' Mem. at 13; *see also Paris v. Pennsauken Sch. Dist.*, No. 12-cv-7355, 2013 WL 4047638, at *4 (D.N.J. Aug. 9, 2013) ("other courts within this district have previously recognized that delay due to a defendant's efforts to retain counsel do not amount to culpable conduct") (citations omitted). Concerning Defendants' failure to respond to the complaint, the record does not conclusively establish bad faith on the part of Defendants. As noted above, there was a real question as to service prior to May 2016. Defendants' willingness to engage in settlement negotiations with Plaintiff prior to being properly served only shows their willingness to resolve a dispute without resorting to litigation, not bad faith. Perhaps, the record establishes Defendants' negligence in failing to respond to the complaint, but even that is not definitively clear and negligence does not rise to the level of bad faith. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3rd Cir. 1984) (finding that "neglect alone cannot sustain a default judgment"). The record only clearly establishes that once properly served and faced with the prospect of default, Defendants retained counsel and took appropriate measures in this Court within a reasonable timeframe. The record, therefore, does not support a finding of culpable conduct by Defendants and the factor favors vacating entry of default. *See See $55,518.05*, 728 F.2d at 194–95 ("[The Third Circuit] require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." (quotations omitted)).

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is **DENIED** and Defendants' motion to vacate entry of default is **GRANTED**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 27, 2016**